

# THE ATTORNEY GENERAL
## OF TEXAS

**JOHN L. HILL**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

June 4, 1973

The Honorable Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas 77002

Dear Mr. Resweber:

Opinion No. H-43

Re: Is the County Clerk authorized to collect fees for filing papers for discovery proceedings in aid of enforcement of a final judgment pursuant to Rule 621a of the Texas Rules of Civil Procedures?

Your letter requesting our opinion asks whether the County Clerk is authorized to collect fees for filing papers for discovery proceedings in aid of the enforcement of a final judgment pursuant to Rule 621a of the Texas Rules of Civil Procedure.

Rules 621a, effective only January 1, 1971, authorizes the holder of a judgment to maintain discovery proceedings in the court in the same suit in which the judgment was rendered for the purpose of obtaining information to aid in the enforcement of the judgment. Nothing is said about fees.

However, in 1967 the Legislature adopted Article 3930 (b) Vernon's Texas Civil Statutes (Acts 1967, 60th Leg., p. 1785, Ch. 680). The statute, in appropriate paragraphs A, B, C, D, E and F, covers six different situations in which fees are collectible.

We are concerned with paragraphs A and C.

Paragraph A, generally having to do with fees for county civil court dockets, by its terms, applies to proceedings "while the docket is still open:"

> "For each cause or action, or docket in
> County Civil Courts; for filing, or filing and
> registering, or filing and recording, and for
> docketing and including taxing costs for each
> and all applications, complaints, petitions,
> returns, documents, papers, legal instruments,
> records and/or proceedings; for issuing, includ-
> ing the recording of the return thereon, each and
> all citations, notices, subpoenas, commissions
> to take depositions, executions while the docket
> is still open, garnishments before judgments,
> orders, writs, processes, or any and all other
> instruments, documents or papers authorized,
> permitted or required to be issued by said county
> clerk or said clerk of county courts on which a
> return must be recorded; for all attendances
> which a return must be recorded; for all attend-
> ances in court as clerk of court; for impaneling
> a jury; for swearing witnesses; for approving
> bonds involved in court actions, for administering
> oaths; and for all other clerical duties in connection
> with such county civil court docket: . . . "

It requires a fee of $10.00 in most suits "which fee is to be paid but one time in each cause or docket, or suit, and which fee excludes the items listed in Paragraph B, C, D and E of this Section 1: . . . . "

Paragraph B provides for fees for probate court dockets. Paragraph C is as follows:

> "Where no cause is pending, as is contem-
> plated in Section 1, Paragraphs A and B hereof,
> the clerk shall charge as follows for the hereinafter
> listed services, for issuing (including recording of
> the returns thereon), each citation, notice, commis-
> sion to take depositions, execution, order, writ,
> process, or any other instrument, document, or
> paper authorized, permitted or required to be issued
> by said county clerk or said clerk of county courts
> on which a return must be recorded:

> "(i) For issuing each such instrument,
> document, or paper, including the original and
> one copy and the recording of the return, a fee,
> to be paid at the time each order is placed, of
> . . . $3.00 . . . ."

Paragraph D has to do with issuing certificates, certified copies, etc. Paragraph E applies to Letters Testamentary, Letters of Guardianship and similar instruments. Subparagraph F applies to the filing and keeping of wills held for safekeeping.

As we construe Article 3930(b), if at the time the provisions of Rule 62la are invoked the original cause of action is still pending upon the docket of the court, the successful party may file or require the issuance of whatever papers are necessary under Rule 62la without incurring liability for any additional fee. On the other hand, if there is no cause pending and the proceeding must be brought under Paragraph C, then the Clerk is entitled to a charge of $3.00 for issuing each instrument, document, or paper, but not for merely filing the same. If, as may be true in discovery proceedings under the amended rules, the Clerk is not called upon to issue any instruments, we see no authority for him to charge a fee.

It is our construction of Articles 3930 and 3930A-1 that they apply only to the non-court aspects of the functions of the County Clerk's office and that subsection (9) of Article 3930 does not authorize the Clerk to set a fee for filing instruments in court proceedings.

## SUMMARY

Article 3930b, Vernon's Texas Civil Statutes, governs fees to be charged in a proceeding brought under Rule 62la of the Texas Rules of Civil Procedure. If the action is still pending upon the docket of the court at the time such proceedings are instituted, they fall within the one time filing fee and no additional fee is to be charged. If no action is pending at the time those proceedings are instituted, the County Clerk

is entitled to a fee of $3.00 for each instrument he issues, but is not entitled to charge a fee for the mere filing of instruments prepared by others.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee